## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

DARNELL NASH,

      Plaintiff,

v.                                                            Case No.  5:23-cv-7-TKW-MJF

BUREAU OF PRISONS,[1]

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On January 17, 2023, the undersigned ordered Plaintiff to file an amended complaint accompanied by payment of the filing fee or motion for leave to proceed *in forma pauperis*. Doc. 3 at 4. The undersigned imposed a deadline of February 7, 2023, to comply. *Id.* The undersigned warned Plaintiff that the failure to comply likely would result in dismissal of this action. *Id.*

---

[1] Because Plaintiff failed to include a case style on his "emergency motion for injunctive relief," it is unclear whom Plaintiff is suing.

On February 14, 2023, the undersigned ordered Plaintiff to show cause why this case should not be dismissed. Doc. 4. The undersigned imposed a deadline of March 7, 2023, to comply. *Id.* at 1. The undersigned again warned Plaintiff that the failure to comply likely would result in dismissal of this action. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Additionally, a court may dismiss a case for failure to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Despite two warnings that the failure to comply with court orders could result in dismissal of this action, Plaintiff failed to comply with two court orders and failed to pay the filing fee. He has not shown good cause and has offered no excuse for his failures. Accordingly, dismissal of this civil action is appropriate.

## III. CONCLUSION

Because Plaintiff has failed to comply with two court orders, failed to pay the

filing fee, and failed to prosecute this action the undersigned respectfully

**RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 17th day of March, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**